# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Burton Coy,

                Plaintiff,

                                                Civ. No. 10-3979 (RHK/JJG)

v.                                                     **ORDER**

Quality Egg, LLC, and Hillandale
Farms of Iowa, Inc.,

                Defendants.

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff Burton Coy commenced this negligence action against Defendants Quality Egg, LLC ("Quality Egg") and Hillandale Farms of Iowa, Inc. ("Hillandale"). Plaintiff alleges in his Complaint that he is a Minnesota citizen; that Quality Egg is "an Iowa limited liability company" that is "located" in Galt, Iowa; and that Hillandale is an Iowa corporation with its principal place of business in Iowa. (Compl. ¶¶ 1-3.)

      As the party invoking the Court's jurisdiction, Plaintiff bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required him to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). He has failed to do so here.

A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of Quality Egg's members – indeed, no members are identified in the Complaint at all. While the Complaint alleges in conclusory fashion that Quality Egg is a "citizen of Iowa," without any information about Quality Egg's members, its citizenship cannot be discerned (and certainly has not been pleaded "with specificity").[1] See N. Star Grain Int'l, LLC v. Hyundai Syscomm Corp., Civ. No. 09-617, 2009 WL 1290228, at *1 (D. Minn. May 11, 2009) (Ericksen, J.) (conclusory assertion of citizenship insufficient).

Based on the foregoing, **IT IS ORDERED** that Plaintiff shall redress the deficiencies set forth above on or before October 5, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: September 21, 2010

> s/Richard H. Kyle
> RICHARD H. KYLE
> United States District Judge

---

[1] Coy should not be heard to complain that he lacks sufficient information at this juncture to adequately allege the citizenship of Quality Egg's members. By commencing this action here, he was required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).